1061-20350                                                                              1331263

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ANTONIO HERNANDEZ, PLAINTIFF** | **CIVIL ACTION NO:  2:18-CV-01872** |
| **VERSUS** | **DISTRICT JUDGE: HON. ELDON E. FALLON** |
| **EMC DIVERS, INC., ET AL., DEFENDANTS** | **MAGISTRATE JUDGE: HON. JOSEPH C. WILKINSON, JR.** |

### EMC DIVERS, INC.'S ANSWER TO
### COMPLAINT OF PLAINTIFF, ANTONIO HERNANDEZ

**NOW INTO COURT,** through undersigned counsel, comes defendant, EMC Divers, Inc. ("EMC" or "defendant") and responds to the Complaint filed by Antonio Hernandez ("plaintiff"), as follows:

### FIRST DEFENSE

The Complaint fails to state a claim against defendant upon which relief can be granted.

### SECOND DEFENSE

The Complaint is barred by the applicable period of prescription or statute of limitations, or laches.

### THIRD DEFENSE

The Complaint is defective in that it is so vague and ambiguous that defendant cannot reasonably prepare a response.

### FOURTH DEFENSE

And now, without waiving any of the foregoing defenses, EMC Divers, Inc. ("EMC" or "defendant") responds to the allegations of plaintiff's Complaint categorically and by paragraph as follows:

1.

The allegations contained in Paragraph I contain conclusions of law and require no response. To the extent a response is deemed necessary, the allegations of Paragraph I are denied.

2.

The allegations of paragraph II (including subparagraphs A(1), B(1), B(2), B(3) and B(4)) directed to EMC are denied, except to admit that EMC is a corporation authorized to do and doing business in the State of Louisiana. The remaining allegations of Paragraph II (including subparagraphs A(1), B(1), B(2), B(3) and B(4)) are denied for lack of sufficient information to justify a belief therein

3.

The allegations of Paragraph III are denied for lack of sufficient information to justify a belief therein.

4.

The allegations of Paragraph IV are denied for lack of sufficient information to justify a belief therein.

5.

The allegations of Paragraph V directed to EMC are denied.  The remaining allegations of Paragraph V are denied for lack of sufficient information to justify a belief therein.

6.

The allegations of Paragraph VI are denied.

7.

The allegations of Paragraph VII are denied for lack of sufficient information to justify a belief therein.

8.

The allegations of Paragraph VIII (including subparagraphs 1 through 7) directed to EMC are denied. The remaining allegations of Paragraph VIII (including subparagraphs 1 through 7) are denied for lack of sufficient information to justify a belief therein.

9.

The allegations of Paragraph IX directed to EMC are denied. The remaining allegations of Paragraph IX are denied for lack of sufficient information to justify a belief therein.

10.

The allegations of Paragraph X are denied for lack of sufficient information to justify a belief therein.

11.

The allegations of Paragraph XI directed to EMC are denied. The remaining allegations of Paragraph XI are denied for lack of sufficient information to justify a belief therein.

12.

The allegations of Paragraph XII directed to EMC are denied. The remaining allegations of Paragraph XII are denied for lack of sufficient information to justify a belief therein.

13.

The allegations of Paragraph XIII directed to EMC are denied. The remaining allegations of Paragraph XIII are denied for lack of sufficient information to justify a belief therein.

14.

The allegations of Paragraph XIV are denied.

15.

The allegations of Paragraph XV are denied.

16.

The allegations contained in Paragraph XVI contain a jury demand and require no response. To the extent a response is deemed necessary, the allegations of Paragraph XVI are denied.

**FIFTH DEFENSE**

EMC denies the allegations of any unnumbered and/or misnumbered paragraphs, any allegations contained in the prayer for relief, and any allegations contained in the Complaint which have not heretofore been specifically addressed.

**SIXTH DEFENSE**

The alleged accident claimed by plaintiff, and any claimed injuries and/or damages (if any), were the result of the fault and/or neglect of plaintiff, the particulars of which will be shown at the trial of this matter and which fault and/or neglect are pleaded as a bar to and/or in diminution of plaintiff's recovery herein.

**SEVENTH DEFENSE**

EMC specifically denies that it or anyone for whose actions it is or may be responsible in anyway, caused or contributed to the alleged accident claimed by plaintiff and any injuries, damages and/or losses resulting therefrom (if any); on the contrary, such alleged accident and claimed injuries and/or damages (if any) were caused by the fault and/or neglect of plaintiff and/or persons or parties for whom EMC cannot be held responsible.

**EIGHTH DEFENSE**

EMC denies that the alleged accident claimed by plaintiff, and the claimed injuries and/or damages (if any), were caused or contributed to by any unsafe conditions caused or created by

EMC, or by any equipment and/or conditions of such equipment and/or over an area, for which EMC is or may be responsible.

## NINTH DEFENSE

EMC avers that the plaintiff's alleged accident and/or claimed injuries and/or damages (if any) resulting therefrom were not a foreseeable consequence of any act or omission on the part of EMC or anyone for whom EMC may be held responsible.

## TENTH DEFENSE

EMC avers that the plaintiff's alleged accident and any claimed injuries and/or damages resulting therefrom (if any), were the result of the usual and normal risks of plaintiff's occupation and/or were inherent in the activities being performed by plaintiff at the time of the alleged accident, which risks were assumed by plaintiff and which assumption of risk is pleaded as a bar to and/or in diminution of plaintiff's recovery herein.

## ELEVENTH DEFENSE

EMC avers that plaintiff's claimed injuries and/or damages pre-existed and/or are otherwise unrelated to the alleged accident in suit.

## TWELFTH DEFENSE

EMC avers that the plaintiff has failed to mitigate his damages, and thus his recovery herein should be defeated or mitigated.

## THIRTEENTH DEFENSE

EMC is entitled to a set off from any recovery against it to the extent of any and all benefits or monies paid or payable to or on behalf of plaintiff from any sources.

**FOURTEENTH DEFENSE**

EMC avers that any negligence for which EMC is allegedly responsible, such negligence being specifically denied, was in no way connected with the injuries for which plaintiff seeks recovery.

**FIFTEENTH DEFENSE**

If the plaintiff sustained any illness or injuries, which is specifically denied, then said illness or injury was caused by and/or contributed to and/or aggravated by the negligence of plaintiff or others for whom EMC is in no way responsible.

**SIXTEENTH DEFENSE**

In the event EMC is found responsible in any way to plaintiff, which is denied, EMC avers that it is entitled to have the fault of plaintiff and the fault of any and all other parties and non-parties, quantified and allocated and any amounts found owing to plaintiff by EMC be reduced to the extent of such fault.

**SEVENTEENTH DEFENSE**

EMC avers that plaintiff's damages arose as the result of a pre-existing and/or subsequently developed physical and/or mental condition which were neither caused nor aggravated by any act or omission by EMC, thus barring or mitigating any recovery by plaintiff herein.

**EIGHTEENTH DEFENSE**

EMC specifically alleges that plaintiff is not a Jones Act seaman as that term is defined under the Jones Act and the laws of the United States of America.

## NINETEENTH DEFENSE

EMC avers that the plaintiff was not in the course and scope of employment or in the service of a vessel at the time of the events complained of and therefore plaintiff can have and make no recovery herein.

## TWENTIETH DEFENSE

EMC avers that any damages allegedly sustained by Plaintiff were the result of intervening and/or superseding acts and/or causes which were the proximate and/or sole causes of those alleged damages, and for which EMC or any other person, party, or entity for which EMC would be responsible, was not responsible.

## TWENTY-FIRST DEFENSE

In the alternative, subject to and without waiving the foregoing, EMC specifically contends that EMC had no duty to provide Plaintiff with a seaworthy vessel, and/or that such vessel was seaworthy in all manners and/or that EMC provided Plaintiff with a seaworthy vessel.

## TWENTY-SECOND DEFENSE

EMC avers that Plaintiff is not qualified for maintenance and cure benefits under the U.S. Fifth Circuit's decision in *McCorpen v. Cent. Gulf S.S. Corp.*, 396 F.2d 547 (5th Cir. 1968).

## TWENTY-THIRD DEFENSE

Further in the alternative, EMC avers that Plaintiff' injuries, if any, resulted from a condition that was open and obvious to Plaintiff.

## TWENTY-FOURTH DEFENSE

If the plaintiff sustained any illness or injuries, which is specifically denied, then said illness or injury was caused by and/or contributed to and/or aggravated by the negligence of plaintiff or others for whom defendant is in no way responsible. Specifically, defendant alleges

and avers that others for whom defendant was in no way responsible, were negligent, or at fault in the following particulars, but not limited thereto:

      1. Failure to maintain a proper lookout;

      2. Failure to see what he should have seen under the prevailing circumstance;

      3. Failure to exercise reasonable care;

      4. Failure to take proper precaution to avoid the alleged accident;

      5. Failure to utilize safety measures available and/or instructions to prevent the accident; and

      6. Any and all acts of negligence and/or assumptions of risk which will be proved at trial.

## TWENTY-FIFTH DEFENSE

In the further alternative, EMC specifically alleges and avers that any damages allegedly sustained by the plaintiff were due to a fortuitous event, an Act of God, or *force majeure* or other circumstances beyond EMC's control or the responsibility of EMC and were not proximately caused by any acts or omissions on the part of this defendant or any other person, party or entity for whom it would be responsible.

## TWENTY-SIXTH DEFENSE

In the alternative, EMC avers that any and all injuries allegedly sustained by plaintiff, and any other potential claimants, occurred without its privity or knowledge and that the amount of damages sued for by the plaintiff exceeds the value of defendant's interest in any vessel. Accordingly, defendant invokes the benefit of provisions of the United States Code, Revised Statutes of the United States of America and all acts amended thereof and supplement thereto in limitation of the liability of ship owners, and in particular, the ship owners limitation of liability, 46 U.S.C. § 30501, *et seq.*

## TWENTY-SEVENTH DEFENSE

EMC reserves its right to supplement, amend, or modify it affirmative defenses and answers to conform to such facts as may be revealed in discovery or otherwise.

## JURY DEMAND

EMC hereby demands a trial by jury.

**WHEREFORE,** the premises considered, defendant, EMC Divers, Inc., prays that its Answer be deemed good and sufficient and, that after due proceedings be had, there be judgment herein in favor of defendant, EMC Divers, Inc. and against plaintiff, Antonio Hernandez, dismissing his Complaint, at plaintiff's costs, and that defendant, EMC Divers, Inc. be granted such other and further relief as equity and the justice of the cause may require and permit.

Respectfully submitted:

*/s/  Salvador J. Pusateri*
Salvador J. Pusateri T.A. (#21036)
Aaron B. Greenbaum (#31752)
Michael H. Rodrigue, Jr. (#31306)
PUSATERI, JOHNSTON, GUILLOT & GREENBAUM
1100 Poydras Street
Energy Centre – Suite 2250
New Orleans, Louisiana 70163
Telephone: (504) 620-2500
Facsimile:  (504) 620-2510
Salvador.Pusateri@pjgglaw.com
Aaron.Greenbaum@pjgglaw.com
Michael.Rodrigue@pjgglaw.com
ATTORNEYS FOR EMC DIVERS, INC.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 6th day of April, 2018, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to those who are on the list to receive e-mail notices for this case, have enrolled in this Court's CM/ECF program and otherwise consented to receive notice and service via CM/ECF. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all non-CM/ECF participants.

*/s/  Salvador J. Pusateri*