UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANTONIO HERNANDEZ | CIVIL ACTION |
| VERSUS | NO. 18-1872 |
| EMC DIVERS, INC., ET AL. | SECTION "L" (2) |

**ORDER & REASONS**

Mactech Incorporated d/b/a Mactech Offshore ("Mactech") moves for summary judgment on its cross-claim and third party complaint, finding that it is entitled to defense, indemnity, and additional insured status from EMC Divers, Inc. ("EMC") and Great American Insurance Company ("Great American"). R. Doc. 39. EMC and Great American oppose. R. Doc. 42. For the reasons that follow, the motion is DENIED.

I.  BACKGROUND

Plaintiff Antonio Hernandez sued EMC, Mactech, and Broussard Brothers, Inc. ("Broussard") after he was struck by a hydraulic diamond wire saw during an underwater dive. Mactech filed a cross-claim against EMC and a third party complaint against EMC's insurer, Great American, asserting that they owe Mactech defense, indemnity, and additional insured status in the underlying action.

At the time of the accident, Hernandez was performing work that was the subject of a Master Service Agreement (the "Agreement") between EMC and Broussard. The work required the use of a hydraulic diamond wire saw, which was provided by Mactech. The Agreement requires EMC to defend and indemnify Broussard and its subcontractors against personal injury claims of EMC employees, including Hernandez, and to name them as additional insureds. At issue here is whether Mactech is a subcontractor of Broussard.

1

## II. PRESENT MOTION

Mactech moves for summary judgment on its cross-claim and third party complaint, holding that EMC and Great American are required to defend, indemnify, and provide all rights and benefits as an additional insured to Mactech in the underlying personal injury action.

Under the Agreement, Mactech is entitled to defense and indemnity from EMC if it is a member of Broussard's "Company Group," defined as follows:

> "Company Group" shall mean, individually or in any combination, [Broussard], its parent, affiliate, subsidiary entities, customer/client, and their joint venturers, joint interest owners, partners, co-owners, co-lessees, contractors, and *subcontractors of every tier* (other than Contractor and its subcontractors), and the representative directors, officers, agents, representatives, employees, and invitees of all of the forgoing.

The Agreement also requires EMC to name the members of the "Company Group" as additional insureds on its insurance policies, including the Great American policy.

Mactech contends that it is a subcontractor of Broussard – and member of the Company Group – because (1) Mactech rented the saw to Broussard, and (2) an attached Master Subcontractor Service Agreement between Broussard and Mactech (the "Mactech-Broussard Contract") identifies Mactech as a "subcontractor" of Broussard. R. Doc. 39.

EMC and Great American respond in opposition and argue that there are material issues of fact concerning Mactech's status as a subcontractor. R. Doc. 42. First, they contend that there is nothing in the Mactech-Broussard Contract from which the Court may determine that it was still valid or in effect at the time of Hernandez's accident. Next, they point to the fact that Broussard did not procure the saw directly from Mactech. Documents attached to their opposition show that Mactech initially provided the saw to G&M Rentals, LLC ("G&M"), and Broussard obtained it through a rental agreement with G&M. R. Doc. 42-1. There was no direct communication between Broussard and Mactech regarding the subject saw.

Mactech argues in reply that the documents provided by EMC and Great American do not establish a question of material fact – they unequivocally link Mactech and Broussard, through G&M. And since "Company Group" includes "subcontractors *of every tier*," they further cement Mactech's status as a subcontractor of Broussard (though perhaps of a "second tier"), entitled to defense, indemnity, and additional insured status.

### III. LAW AND ANALYSIS

Summary judgment is proper if the pleadings and evidence show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). The moving party bears the initial burden of demonstrating the basis for summary judgment and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). If that burden is met, the nonmoving party must use evidence cognizable under Rule 56 to demonstrate the existence of a genuine issue of material fact. *Id.* at 324.

A genuine issue of material fact exists if a reasonable jury could return a verdict for the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1996), "[U]nsubstantiated assertions," "conclusory allegations," and merely colorable factual bases are insufficient to defeat a motion for summary judgment. *See Hopper v. Frank*, 16 F.3d 92, 97 (5th Cir. 1994). A court must assess the evidence, review the facts, and draw any appropriate inferences in the light most favorable to the party opposing summary judgment. *See Daniels v. City of Arlington, Tex.*, 246 F.3d 500, 502 (5th Cir. 2001).

In the Fifth Circuit, a "subcontractor" is "one who takes a portion of a contract from the principal contractor or another subcontractor." *Avondale Indus., Inc. v. Int'l Marine Carriers, Inc.*, 15 F.3d 489, 494 (5th Cir. 1994). The Court finds that there is presently a material issue of fact as

to whether Mactech was acting as a subcontractor of Broussard in supplying the subject saw to G&M who, in turn, rented the saw to Broussard. Accordingly, there is a material factual dispute as to whether Mactech is a member of Broussard's "Company Group."

## IV. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Mactech's Motion for Summary Judgment (R. Doc. 39) is hereby **DENIED**.

New Orleans, Louisiana, this 3rd day of October, 2018.

                                                                              _____
                                                                              **ELDON E. FALLON**
                                                                              United States District Judge