# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| ANTONIO HERNANDEZ | CIVIL ACTION |
|---|---|
| VERSUS | NO. 18-1872 |
| EMC DIVERS, INC., ET AL. | SECTION "L" (2) |

## ORDER & REASONS

Before the Court is G&M Rentals, LLC's unopposed motion for summary judgment. R. Doc. 79. For the reasons that follow, the motion is GRANTED.

## I. BACKGROUND

Plaintiff Antonio Hernandez initially sued EMC Divers, Inc. ("EMC"), Broussard Brothers, Inc. ("Broussard") and Mactech, Inc. d/b/a Mactech Offshore ("Mactech") claiming that he was struck by a hydraulic diamond wire saw during an underwater dive. Hernandez was working as an employee of EMC aboard a vessel owned by Broussard, using a saw owned by Mactech. Hernandez amended his complaint to add G&M Rentals, LLC ("G&M") on the mistaken belief that G&M rented the subject saw from Mactech and supplied it to Broussard. EMC asserted crossclaims against Broussard, Mactech, and G&M seeking reimbursement.

G&M moves for summary judgment dismissing the claims asserted against it by Plaintiff and EMC on the grounds that G&M did not, in fact, supply the saw. The motion is unopposed.

## II. LAW AND ANALYSIS

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party

who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial." *Id.* A party moving for summary judgment bears the initial burden of demonstrating the basis for summary judgment and identifying those portions of the record, discovery, and any affidavits supporting the conclusion that there is no genuine issue of material fact. *Id.* at 323. If the moving party meets that burden, then the nonmoving party must use evidence cognizable under Rule 56 to demonstrate the existence of a genuine issue of material fact. *Id.* at 324.

Documents attached to G&M's motion for summary judgment show that Broussard rented the diamond wire saw involved here directly from Mactech – not through G&M. A Mactech Offshore Packing List includes the diamond wire saw and lists the customer as Broussard. The "out" date for the rental is listed as September 1, 2017, and the "in" date is September 18, 2017. R. Doc. 79-3. These documents verify that the diamond wire saw used by Hernandez on September 13, 2017 was rented directly from Mactech to Broussard – not through G&M. G&M did not own, control, man, or provide tools or equipment for the dive support vessel to which Hernandez was assigned and was not involved in the planning or implementation of work being performed.

### III.  CONCLUSION

For these reasons, G&M's unopposed motion for summary judgment (R. Doc. 79) is hereby **GRANTED**. All claims asserted against G&M in this matter are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, on this 3rd day of January, 2019.

**ELDON E. FALLON**
United States District Judge